UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALEXIS ROBERTSON,

          Plaintiff,

 -v.-                  1:06-CV-1422
                          (LEK/RFT)
ALBANY CITY POLICE DEPARTMENT
and OFFICER KIMBERLY McCOY,

          Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

*Pro se* Plaintiff Alexis Robertson brought suit against the Albany Police Department and Albany Police Officer Kimberly McCoy, seeking redress for alleged violations of his constitutional rights. Compl. (Dkt. No. 1) at 6. Defendants filed a Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter alia*, that the Police Department is not an independent entity with the capacity to be sued and that Plaintiff failed to serve process. Motion (Dkt. No. 15) at 3, 2. For the following reasons, the Motion is denied.

### I. Background

Plaintiff was arrested twice in March 2006. Compl. (Dkt. No. 1) at 6. First, on March 24, 2006, Defendant Kimberly McCoy and another police officer arrested Robertson on charges of unlawful imprisonment, criminal contempt, and rape, all allegedly stemming from an incident occurring on March 1, 2006. Id. After his release on bail, Plaintiff was again arrested by parties unknown on March 28, 2006 on a new criminal contempt charge for failure to appear before the

---

[1] For printed publication by the Federal Reporters.

1

grand jury on the March 24 counts.  Id.  Eventually, the March 24 charges were dismissed, but Plaintiff either plead or was found guilty of the March 28 contempt charge.  Id.

On November 22, 2006, Plaintiff filed a complaint against the Albany City Police Department and Albany Police Officer Kimberly McCoy, alleging violations of rights protected by the Eighth and Fourteenth Amendment of the United States Constitution.  Compl. (Dkt. No. 1) at 1, 7.  Plaintiff also filed an application to proceed *in forma pauperis*, later granted by order of Magistrate Judge Randolph F. Treece.  Order (Dkt. No. 8) at 1, 3.  In the same Order, Magistrate Judge Treece instructed the Clerk of the Court to issue Summonses for Defendants and forward them along with the Complaint to the United States Marshal to serve, and ordered the Clerk to mail a copy of each to the Corporation Counsel for the City of Albany.  See id. at 3–4.  The record indicates that the United States Marshal issued the summons and complaint on December 28, 2006 to the address provided by Plaintiff, but Process was returned unexecuted on March 5, 2007.  Process Receipt (Dkt. No. 13) at 1, 2.  Defendants then filed their Motion to dismiss on April 20, 2007.  Motion (Dkt. No. 15) at 6**.**

## II. Discussion

A.     Proper Defendant

The City of Albany is a municipal corporation, and the City Police Department was created under the powers of that corporation.  Albany City Charter § 102; Albany City Code § 42–1.  Therefore, "as an agency of the City, the Police Department is not a suable entity."  East Coast Novelty Co., Inc. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992).  "Absent [express] authorization, [] suit no more can proceed against the police department alone than it could against the accounting department of a corporation."  Darby v. Pasadena Police Dept., 939

F.2d 311, 313 (5th Cir. 1991). Plaintiff's suit currently "seeks recovery from a legal entity that does not exist for his purposes." Id. at 314.

B.      Amendment of Pleadings

However, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows the court to "freely give leave" to amend pleadings "when justice so requires." FED R. CIV. P. 15(a)(2). Moreover, a "relaxed standard applies with particular force to *pro se* litigants." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999). A *pro se* plaintiff should be afforded the opportunity "to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Cruz v. Gomez, 202 F.3d 593, 597–598 (2d Cir. 2000); see also Forman v. Davis, 371 U.S. 178, 182 (1962) (holding that "outright refusal" to grant leave to amend pleadings without clear justification is an abuse of discretion). To make its determinations in this area, the court considers whether the adverse party would be prejudiced by the amendment and whether the amendment would be futile. Walton v. Waldron, 886 F. Supp. 981, 984 (S.D.N.Y. 1995) ("Absent a showing of undue prejudice or bad faith, amendments are generally allowed."); Pangburn, 200 F.3d at 71 (describing the futility standard as being "where it is 'beyond doubt that plaintiff can prove no set of facts in support' of his amended claims") (internal citation omitted).

Here, Plaintiff, litigating *pro se*, clearly was unaware that basic municipal corporation law prevented him from suing the Albany City Police Department. In addition, the City of Albany would not be prejudiced by an amended complaint at this point because Corporation Counsel for the City of Albany has been handling the matter from the beginning and, indeed, wrote the Motion to dismiss. See Walton 886 F. Supp. 981 at 985 (permitting *pro se* prisoner who originally only named

prison officials as defendants leave to amend pleadings and add county as defendant when county attorneys had already been handling matter); see also Darby, 939 F.2d at 315 (allowing plaintiff to amend pleadings to name city instead of police department when city had received notice and "conducted its case exactly as it would have had [plaintiff] sued the proper entity"). Lastly, it does not appear to the court that leave to amend should be denied on grounds of futility, because plaintiff's claims are not "beyond doubt." Pangburn, 200 F.3d at 72. Reading the initial complaint liberally, the very high standard simply has not been met. See id. (concluding that because futility standard had not been met, *pro se* plaintiff could amend complaint to add county as defendant).

Therefore, since Plaintiff is *pro se*, the City of Albany would not be prejudiced, and the amendment would not be futile, the Court finds that leave should be granted in this case to amend the complaint and replace the "Albany City Police Department" with the "City of Albany" as Defendant.

C.   Service

The Court of Appeals for the Second Circuit has determined that a plaintiff's *in forma pauperis* status "shifts responsibility for serving the complaint from [the plaintiff] to the Court." Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996); see also Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir 1986) ("as an incarcerated *pro se* litigant proceeding *in forma pauperis*, [plaintiff] was entitled to rely on service by the U.S. Marshals"). While Rule 4(m) of the Federal Rules of Civil Procedure places a 120-day time limit on completing service of process, a plaintiff is given the opportunity to "show[] good cause for [his] failure" to comply with that limit. If the plaintiff makes such a showing, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). To determine whether there is "good cause," a reviewing court must consider whether the

plaintiff's efforts thus far have been reasonable, as well as the potential prejudice to the defendant. Nat'l Union Fire Ins. Co. v. Barney Assoc, 130 F.R.D. 291, 293 (S.D.N.Y. 1990).

Upon examining the process returned unexecuted to the United States Marshal and looking up the address of the Albany City Police Department, it appears that Plaintiff had left out two digits in the street address provided to the Marshal, writing "1 - - Arch Street" instead of "126 Arch Street," but the rest of the address was correct. Process Receipt (Dkt. No. 13) at 1, 2. This error hardly rises to the level of unreasonable carelessness. Cf. Ruddock v. Reno, 104 Fed. Appx. 204, 207 (2d Cir. 2004) (unpublished) ("[W]hen the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant."). Additionally, there is no potential prejudice to Defendants here, since Judge Treece ordered that Corporation Counsel be mailed a copy of the summons and complaint at the time service was ordered on the originally named Defendants. Order (Dkt. No. 8) at 4.

Consequently, the Court finds that there is "good cause" in this case for the failure to serve Defendants, and grants Plaintiff 45 days to serve the proper defendant, the City of Albany.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 15) is hereby **DENIED**; and it is further

**ORDERED,** that Plaintiff file an amended complaint within 45 days with the Clerk of the Court naming the "City of Albany" as Defendant; and it is further

**ORDERED,** that the Clerk of the Court shall issue a Summons and forward it, along with a copy of the new complaint, to the United States Marshall for service upon the Defendants; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   March 03, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge